BERRY v. MAGEE, GIBSON & MAGEE.*

(Division B. Oct. 19, 1925.)

[105 So. 518. No. 25067.]

1. PLEADING. *Defect in conclusion of replication cured by judgment.*
   Replication concluding to the country, instead of that plaintiffs were ready to verify, though made erroneously, amounted to joinder of issue, Code 1906, section 808 (Hemingway's Code, section 596), curing the trouble after judgment.

2. BILLS AND NOTES. *Burden on plaintiff of showing defendant, after filing petition in bankruptcy, promised to pay her previous note, preventing it being released.*
   Plaintiffs in action on note, by their replication confessing that it was executed, before the filing of defendant's petition in bankruptcy, for services to be performed by them in the bankruptcy proceedings, have the burden of proving the affirmative matter set up by them, to prevent the note, not proved in the proceedings, being barred by the discharge therein, that defendant, after the filing of the petition in bankruptcy, promised to pay the note.

3. APPEAL AND ERROR. *On reversal for lack of evidence, case remanded for new trial on absence of request below for directed verdict.*

On reversal, for failure to prove an essential fact, of judgment on
verdict directed for plaintiff, case will be remanded for new trial;
defendant not having requested trial court for directed verdict.

---

*Headnotes 1. Pleading, 31 Cyc., p. 773; 2. Bankruptcy, 7 C. J., Section 732; Bills and Notes, 8 C. J., Section 1300 (Anno.); 3. Appeal and Error, 4 C. J., Section 3240.

APPEAL from circuit court of Lawrence county.
HON. J. Q. LANGSTON, Judge.

Action by Magee, Gibson & Magee against Mrs. Emma S. Berry. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

*E. O. Sykes,* for appellant.

I.   The note sued on was executed one day before the petition in bankruptcy was filed. It was a provable debt under section 63, of the Bankruptcy Act.

II.   Since the creditors had actual knowledge of the proceedings in bankruptcy, by virtue of section 17 of the Bankruptcy Act, the defendant was discharged of this provable debt. Paragraph 3 of section 17 of this act expressly provides that, if a creditor have notice or actual knowledge of the proceedings in bankruptcy, the debtor is discharged of a provable debt. *Birkett* v. *Columbia Bank,* 195 U. S. 345, 49 L. Ed. 231; *Dycus et al.* v. *C. O. Brown et al.,* 135 Ky. 140, 28 L. R. A. (N. S.) 190; 7 C. J., sec. 704, p. 395; Sec. 707, p. 396; Sec. 721, p. 403; 3 R. C. L. 149, p. 328, secs. 155, 336.

III.   Section 17 of the Bankruptcy Act expressly provides that a bankrupt is released by his discharge from all of his provable debts except such as are in this section expressly excepted from its operation. In other words the only debts from which a bankrupt is not discharged are those expressly enumerated in section 17 of the act. The replication of the plaintiffs to the plea of discharge of the defendant, admitted the discharge,

but does not bring its debt within any of the exceptions enumerated in this section.

Under this section of the Bankruptcy Act it would be contrary to the purpose and intent of the Act and violative of its public policy to hold valid an agreement made between debtor and creditor before the filing of the bankruptcy petition, to the effect that a debt would not be proved in the bankruptcy proceedings, but that the debtor would pay it independently of the bankruptcy proceedings. It takes a new, explicit, unconditional promise by the debtor to the creditor to pay this note after the petition in bankruptcy has been filed, otherwise no recovery may be had. 7 C. J., sec. 732 et seq., p. 412 et seq.; *Needham* v. *Matthewson,* 81 Kan. 340, 135 S. R. 374 and note; *Stern* v. *Smith & Co.,* 225 Ill. 430, 116 A. S. R. 151; *Coe et al.* v. *Rosene,* 66 Wash. 73, 38 L. R. A. N. S. 577; *McWillie et al.* v. *Kirkpatrick,* 28 Miss. 802.

IV. The plea of the defendant properly set up her discharge in bankruptcy after the execution of the note. The replication of the plaintiffs to this plea admitted this fact, but alleged an agreement between the parties not to prove this claim. It does not expressly allege a new promise to pay. Whatever its allegations may be, however, the burden of proof rested upon the plaintiffs to prove a new promise. Their proof only goes to the execution of the note. There is not one word or syllable in it about any agreement or new promise. Consequently, under the pleadings, and the testimony, it was improper to give the peremptory instruction for the plaintiffs and to render a judgment for them.

V. Since the replication of the plaintiffs "Concludes to the Country," it was unnecessary to join issue thereon by virtue of section 751, Code of 1906, section 534, Hemingway's Code.

*Magee, Gibson & Magee,* for appellees.

Appellant promised, both before and after her discharge in bankruptcy, that she would pay the note. This note was given appellees as a fee for services in appellants's bankruptcy proceedings and by agreement with her, which agreement was made known to the referee, and this note was not scheduled as a liability against the estate. She could lawfully make such an agreement. Even though the appellant was discharged, there was left resting on her a moral obligation to pay the debt and this moral obligation is sufficient consideration to support her promise to pay the debt. 3 R. C. L., p. 324, sec. 147; *McWillie* v. *Kirkpatrick,* 28 Miss. 803; *Zavelo* v. *Reeves* (U. S.), 57 Law. Ed. 676; *Needham* v. *Matthewson,* 135 A. S. R. 374, and the notes thereto.

If the promise to pay is made after the discharge, the promisor becomes liable therefor. *Stern* v. *Smith & Co.,* 116 A. S. R. 151.

The plea filed by appellant sets up an affirmative defense and should not have concluded to the country, but by verification. It will also be noticed that this plea does not allege that no promise was made to pay by appellant the note sued on.

We submit that it was incumbent on appellant in her pleadings to negative every legal exception to her liability on this note. She did not do this. She did not allege that no promise was made by her to pay this note and that no agreement was entered into with appellees that they should not list the note with the referee. It was necessary under the rules of good pleading for appellees to file their replication and when this replication was filed, it was then incumbent on appellant to present her defense by proof. She did not do this.

There is nothing to be found in the bankruptcy law, or in books anywhere, which denies the bankrupt the privilege of making a legal agreement with his debtor to discharge and pay a debt, nor is such an agreement against public policy as contended by counsel for appellant. Such contention is tantamount to saying it is against

public policy for a person to discharge a moral obligation, because, notwithstanding the order of discharge, there is left on the debtor the moral obligation to pay his debts.

*E. O. Sykes,* in reply, for appellant.

A promise to pay this note by the appellant either after her discharge, or after her petition in bankruptcy, had been filed would have been sufficient if it had been filed. Certainly it would have been sufficient if made after her discharge in bankruptcy, and, according to a number of authorities, would have been sufficient if made after the filing of her petition in the bankrupt court. In this case, however, the whole trouble with the position of appellees is that their proof does not show either of these promises, but only shows the original promise.

The appellant properly pleaded her bankruptcy and that the note was made the day before her petition in bankruptcy was filed. The replication to this plea admitted this fact, but attempted to set up a new promise. The new promise was a reply in the nature of a confession and avoidance. This replication concluded "to the country" and, of course, under section 751, Code of 1906 section 534, Hemingway's Code), a similiter was not necessary.

The case stood thus for trial: It was admitted that the note was executed the day before the petition in bankruptcy was filed; it was admitted that this was a provable debt, and, therefore, that the defendant was discharged from it, unless she had made a new promise to pay it at least after her petition in bankruptcy was filed. This new promise was alleged by the plaintiff and denied by virtue of the above section of the Code by the defendant. This was affirmative matter to be proved on the trial by the plaintiff. The plaintiff failed to prove it, and therefore, the only judgment that could have been rendered in the circuit court was one for the defendant.

This is the whole case in a "nutshell." I, therefore, submit that the case should be reversed.

HOLDEN, P. J., delivered the opinion of the court.

The appellees, Magee, Gibson & Magee, a law partnership, sued the appellant, Mrs. Berry, on a promissory note for three hundred sixty-one dollars and twenty-five cents, dated November 5, 1923, and payable sixty days after date.

The appellant, Mrs. Berry, filed a plea to the declaration in which she alleged that she filed a petition in voluntary bankruptcy on November 6, 1923, and was in due course adjudged a bankrupt; that the promissory note was an outstanding obligation and a provable claim against her estate in bankruptcy; that this note was given in the usual course of business, for services rendered by this law firm for the filing of her petition in bankruptcy and for obtaining her final discharge; that the law firm had full knowledge of the bankruptcy proceedings and every transaction pertaining thereto; that in December, 1924, when she was granted a discharge in bankruptcy, the appellees were present, and presented her petition for the discharge, and had actual knowledge of everything pertaining to the bankruptcy proceedings; and that they knew their claim was then a provable one against her estate.

The appellees (plaintiffs below) filed a replication to this plea of the defendant (appellant), in which they admitted that Mrs. Berry filed a petition in bankruptcy, of which they had actual knowledge, and obtained a discharge after the note was given, and that they knew this note was a provable claim; and the plea admits also that the note was given for professional services to be rendered the defendant in the bankruptcy proceedings; but appellees aver that, by agreement between them and Mrs. Berry, the note was not to be filed as a claim against her estate in bankruptcy, that she agreed at the time the

note was given, which was before the petition in bank-ruptcy had been filed, and also agreed since and after the petition was filed, that said indebtedness was not to be proved in the bankruptcy proceedings, but that she promised to pay the note independently of the bankruptcy proceedings, which agreement was known to the referee in bankruptcy at the time the petition was filed.

The replication "concluded to the country" instead of that appellees were "ready to verify." This amounted to joinder of issue, though made erroneously by appellees; section 808, Code 1906 (section 596, Hemingway's Code), curing the trouble after judgment.

So it will be observed that the replication confesses the holders of the note were the attorneys in the bankruptcy proceedings and consequently had actual knowledge thereof, and that the note was executed before the petition for bankruptcy was filed, and was for services as attorneys in the proceedings, and that the claim was a provable one in the bankruptcy proceedings. But the pleader alleges, by way of avoidance of the confession, that the note was not provable against the bankrupt, because there was an agreement with the maker not to do so, and that the bankrupt, appellant, promised to pay the note after the petition was filed in the bankruptcy proceedings.

On the trial of the case, Mr. Gibson, one of the members of the appellee law firm, was the only witness testifying in the case, and his testimony, in short, was only to the effect that the note was executed by Mrs. Berry and was due and unpaid, and that it was given to them as an attorney's fee in the bankruptcy proceedings.

At the conclusion of this testimony, the court, at the request of appellees, instructed the jury peremptorily to render a verdict in favor of plaintiff for the amount of the note and interest; and, from this action of the lower court, Mrs. Berry prosecutes this appeal.

Reversal of the judgment is urged upon the ground that the plaintiff below failed to prove that the defend-

ant, Mrs. Berry, agreed to pay the note after the petition in bankruptcy was filed, and that therefore she was discharged from the claim because it was not proved against her in the bankruptcy proceedings.

The appellees oppose this contention of the appellant on the theory that the pleadings set up the fact that Mrs. Berry agreed the note should not be proved against her estate as a bankrupt, and that she agreed after the petition in bankruptcy had been filed that she would pay the note, and that therefore the subsequent agreement after the bankruptcy proceedings were instituted was a valid obligation resting for a consideration upon the old one given before the petition was filed.

As we understand the pleadings in the case, the controversy is narrowed down to one point, and that is whether or not the burden was upon the appellees, plaintiffs below, to show by testimony that Mrs. Berry agreed to pay the note after the petition in bankruptcy was filed; or whether it was incumbent upon Mrs. Berry to plead and prove the fact that she gave the note before the petition was filed, and that she did not subsequently (that is, subsequent to the filing of the petition) agree to pay the amount of the note.

It is our judgment that the replication of appellees sets up an affirmative matter, namely, that the promise to pay the note by Mrs. Berry was made by her after the filing of the petition in the bankruptcy proceedings, and we think therefore the burden was upon the appellees to prove the affirmative fact set up in the replication. The appellees failed to make this necessary proof, and consequently judgment should not have been rendered against the defendant below. The affirmative matter, set up in the replication, upon which issue was joined "by concluding to the country," should have been established by evidence on the part of appellees.

The law seems to be settled that, in a case as here presented, the note was a provable claim because it was given before the petition in bankruptcy was filed, and

that it would be barred unless proven against the estate of the bankrupt, where the holder of the note had actual knowledge of the bankruptcy proceedings. Of course there are exceptions to this rule, and one of them is that the claim against the bankrupt would not be discharged on failure to prove it, if the bankrupt agreed and promised to pay the amount of the note after the petition was filed or after the bankrupt was discharged. However, the burden is on the holder of the claim to show by evidence that it comes within the exception mentioned, and, where he fails to make the proof of this affirmative matter, he cannot recover because such claim is released by the failure to file it in the bankruptcy proceedings.

The judgment of the lower court must be reversed, and, as no request was made by the appellant for a directed verdict in the lower court, the case will be remanded for a new trial.

*Reversed and remanded.*